UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :

**In re:**                                         :    **Chapter 11 Case No.**

**STAR TRIBUNE HOLDINGS**    :    **09-10244 (RDD)**
**CORPORATION, et al.,**

                                       :    **(Jointly Administered)**

**Debtors.**[1]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### FINAL ORDER AUTHORIZING DEBTORS TO (i) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM AND (ii) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS

Upon the motion (the "**Motion**")[2] of Star Tribune Holdings Corporation ("**Star Tribune Holdings**") and The Star Tribune Company ("**Star Tribune**" and, together with Star Tribune Holdings, the "**Debtors**"), for authorization to (i) continue to use their existing cash management system and (ii) maintain existing bank accounts and business forms, as more fully described in the Motion; and upon consideration of the Affidavit of David W. Montgomery filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors are Star Tribune Holdings Corporation and The Star Tribune Company.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the Interim Order on January 16, 2009; and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates on a consolidated basis, (c) those creditors holding the 30 largest unsecured claims against the Debtors' estates on a consolidated basis, (d) the Internal Revenue Service, (e) attorneys to the agent for the Debtors' first lien pre-petition lenders, (f) attorneys to an ad hoc committee of the Debtors' second-lien pre-petition lenders, (g) Avista Capital Partners and (h) attorneys to the official committee of unsecured creditors (the "**Creditors' Committee**") (collectively, the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and there being no objections to the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the final relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to sections 105(a), 345, 363(c)(1) and 364(a) of the Bankruptcy Code, the relief requested in the Motion is hereby granted; and it is further

ORDERED that, as required by and in all events in conformity with the Court's orders on the Debtors' Motion to (A) (i) Authorize Use of Cash Collateral, (ii) Grant Adequate Protection and (iii) Modify the Automatic Stay, and (B) Schedule a Final Hearing Pursuant to Bankruptcy Rule 4001, the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to maintain, operate and make transfers under their Cash Management System as described in the Motion (the "**Cash Management System**"); and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized, in connection with the ordinary course operation of their Cash Management System, to obtain unsecured credit and incur unsecured debt in the ordinary course of business without any further notice or hearing; and it is further

ORDERED that, in accordance with their pre-petition practices, the Debtors shall maintain records of all transfers within the Cash Management System to the same extent they were recorded by the Debtors before the commencement of these chapter 11 cases; and it is further

ORDERED that the Debtors are authorized to continue to maintain the Bank Accounts with the same account numbers following the commencement of these cases; and it is further

ORDERED that the Banks are authorized to continue to treat, service, and administer the Bank Accounts as accounts of the respective Debtor as a debtor in possession without interruption and in the usual and ordinary course and to

receive, process and honor and pay any and all post-petition checks, drafts, wires, or automated clearing house transfers ("**ACH Transfers**") drawn on the Bank Accounts by the holders or makers thereof, as the case may be; and it is further

ORDERED that, notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court; and it is further

ORDERED that the Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any pre-petition check or item in a good faith belief that the Court has authorized such pre-petition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures; and it is further

ORDERED that, in accordance with current practice and the agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Banks resulting from returned checks or other returned items, and the Debtors are authorized to pay any ordinary course fees and expenses owed to the Banks, in each case regardless of whether

such items were deposited pre-petition or post-petition or relate to pre-petition or post-petition items; and it is further

ORDERED that any payment from a Bank Account at the request of the Debtors made by a Bank prior to the Petition Date (including any ACH Transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid pre-petition, whether or not actually debited from the Bank Account pre-petition; and it is further

ORDERED that the Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including opening any additional bank accounts, or closing any existing Bank Account as they may deem necessary and appropriate, subject to the proviso in the next paragraph; and it is further

ORDERED that the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts, provided, however, that any new account shall be with a bank insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein, or, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, on the list of authorized bank depositories for the Southern District of New York; and it is further

ORDERED that nothing contained herein shall prevent Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services; and it is further

ORDERED that the Debtors are authorized to continue to use their correspondence and business forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, checks and other business forms (collectively, the "**Business Forms**") substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession, *provided, however*, the Debtors shall, as soon as reasonably practicable, cause the phrase "Debtor in Possession" to be included on their checks; and it is further

ORDERED that the Debtors are authorized to invest and deposit their cash and cash equivalents in accordance with the Investment Guidelines, in addition to the investments permitted by section 345 of the Bankruptcy Code, while the Debtors operate as debtors in possession; and it is further

ORDERED that the Investment Guidelines may be amended by order of the Court from time to time upon motion by the Debtors or any party in interest; and it is further

ORDERED that the Debtors' compliance with the Investment Guidelines shall be deemed to constitute compliance with section 345 of the Bankruptcy Code; and it is further

ORDERED that the Debtors and any entity with which money is deposited or invested by the Debtors in accordance with the Investment Policy are relieved

from the obligations under section 345(b) to obtain a bond or to deposit securities of the kind specified in 31 U.S.C. § 9303; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Order is without prejudice to the right of the Creditors' Committee to seek appropriate further relief if it believes that any relief granted by this Order negatively affects the substantive rights of creditors.

Dated: New York, New York
February 6, 2009

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE