**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------- x
                                    :
In re:                              :
                                    :  **Chapter 11 Case No.**
**STAR TRIBUNE HOLDINGS**           :
**CORPORATION, et al.,**            :  **09-10244 (RDD)**
                                    :
        Reorganized Debtors.[1]     :  **(Jointly Administered)**
                                    :
----------------------------------- x

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; (II) OCCURRENCE OF EFFECTIVE DATE AND (III) BAR DATES FOR FILING CERTAIN POST-PETITION CLAIMS**

      1.    **Confirmation of the Plan.** On September 17, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order (the "**Confirmation Order**") in the chapter 11 cases of Star Tribune Holdings Corporation ("**Star Tribune Holdings**") and The Star Tribune Company (together with Star Tribune Holdings, the "**Debtors**") confirming the Debtors' Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as confirmed, the "**Plan**"). Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan or the Confirmation Order, as applicable. The Plan and the Confirmation Order are available on the Debtors' case information website at www.startribunereorg.com or by written request to the Debtors' Claims Agent by U.S. Mail, The Garden City Group, Inc., Attn: The Star Tribune Company, P.O. Box 9000 #6519, Merrick, NY 11566-9000.

      2.    **Effective Date.** On September 28, 2009, the Effective Date of the Plan occurred.

      3.    **Discharge and Injunction.** Pursuant to Section 12.3 of the Plan, except as otherwise specifically provided in the Plan or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made under the Plan discharged all existing debts and Claims, and terminated all Interests of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as otherwise specifically provided in the Plan or in the Confirmation Order, upon the Effective Date, all existing Claims against the Debtors and Interests

---

[1] The Reorganized Debtors are Star Tribune Holdings Corporation, Star Tribune Media Holdings Company, Star Tribune Media Intermediate Holdings Company I, Star Tribune Media Intermediate Holdings Company II, and Star Tribune Media Company LLC.

in the Debtors were, and were deemed to be, discharged and terminated, and all holders of Claims and Interests (and all representatives, trustees or agents on behalf of each holder) are precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

Upon the Effective Date and in consideration of the distributions to be made under the Plan, except as otherwise provided in the Plan or the Confirmation Order, each holder (as well as any representatives, trustees or agents on behalf of each holder) of a Claim or Interest and any Affiliate of such holder was deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons were forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors.

4. **Exculpation.** Pursuant to the Plan and the Confirmation Order and except as set forth respectively therein, none of the Debtors, the Reorganized Debtors, the Creditors' Committee, the Avista Funds, the Harte Family Trust, the Administrative Agents or the Steering Committee, or any of their respective Affiliates, members, officers, directors, employees, advisors, actuaries, accountants, attorneys, financial advisors, investment bankers, consultants, professionals or agents, shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to or arising out of, the Chapter 11 Cases, the negotiation of any settlement or agreement in the Chapter 11 Cases, the pursuit of confirmation of the Plan, the consummation of the Plan, the preparation and distribution of the Disclosure Statement, the offer, issuance and distribution of any securities issued or to be issued pursuant to the Plan or the administration of the Plan or the property to be distributed under the Plan. Nothing in the Confirmation Order or the Plan shall (i) be construed to exculpate any Released Party from intentional fraud, gross negligence, willful misconduct, intentional criminal conduct, intentional misuse of confidential information that causes damages, or *ultra vires* acts or (ii) limit the liability of

the professionals of the Debtors, the Reorganized Debtors, the Creditors' Committee and the other Released Parties, to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.8 Rule 1.8(h)(1) (2009).

     **5.**     **Bar Dates.**

     a.     <u>Other Administrative Claim Bar Date</u>.  Pursuant to Section 8.2 of the Plan, all requests for payment of Other Administrative Claims that accrued after the Petition Date of January 15, 2009 but before the Effective Date (other than Professional Fee Claims, which are subject to the provisions of Section 8.1 of the Plan) must be filed with the Claims Agent and served on counsel for the Debtors by the Other Administrative Claim Bar Date.  The Other Administrative Claim Bar Date is the date that is 30 calendar days after the Effective Date.  Accordingly, any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan must be filed with the Claims Agent, as follows: (i) if by U.S. Mail, The Garden City Group, Inc., Attn: The Star Tribune Company, P.O. Box 9000 #6519, Merrick, New York 11566-9000, or (ii) if by courier/hand delivery, The Garden City Group, Inc., Attn: The Star Tribune Company, 105 Maxess Road, Melville, New York 11747, and served on counsel for the Debtors, **so as to actually be received on or before 4:00 p.m. (prevailing Eastern Time) on October 28, 2009**.  Any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan that are not properly filed and served by the Other Administrative Claim Bar Date shall not appear on the register of Claims maintained by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors or any action by the Bankruptcy Court.  Any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan should include at a minimum (i) the name of the Debtor(s) purported to be liable for the Other Administrative Claim, (ii) the name of the holder of the Other Administrative Claim, (iii) the amount of the Other Administrative Claim, (iv) the basis of the Other Administrative Claim and (v) supporting documentation for the Other Administrative Claim.

     Notwithstanding the foregoing, requests for payment of Other Administrative Claims need **NOT** be filed with respect to the following types of Other Administrative Claims:

- Those that are for goods or services provided to the Debtors in the ordinary course of the Debtors' businesses (and are not past due)
- Those that have previously been Allowed by Final Order of the Bankruptcy Court
- Those that are for Cure amounts
- Those that are on account of post-petition taxes (including any related penalties or interest) owed by the Debtors or the Reorganized Debtors to any governmental unit (as defined in section 101(27) of the Bankruptcy Code)

- Those the Debtors or the Reorganized Debtors have otherwise agreed in writing do not require such a filing

    b.   <u>Deadline for Submitting Final Fee Applications</u>.  A hearing (the "**Final Fee Application Hearing**") with respect to Professional Fee Claims has been scheduled for 10:00 a.m. (prevailing Eastern Time) on November 4, 2009.  In order to be considered at the Final Fee Application Hearing, each Professional Fee Claim must be filed and served **so as to actually be received on or before October 8, 2009**.

    c.   <u>Rejection Bar Date</u>.  Pursuant to Section 10.6 of the Plan, any Rejection Claim must be filed with the Claims Agent by the Rejection Bar Date.  The Rejection Bar Date is the date that is 30 calendar days after the entry of an order approving the rejection of an executory contract or unexpired lease.  Accordingly, if you are a counterparty to an executory contract or unexpired lease that has been rejected pursuant to Article 10 of the Plan (whether pursuant to Section 10.1, by being listed on Schedule 10.2(b) or pursuant to Section 10.4 of the Plan), any Rejection Claims must be filed with the Claims Agent, as follows: (i) if by U.S. Mail, The Garden City Group, Inc., Attn: The Star Tribune Company, P.O. Box 9000 #6519, Merrick, New York 11566-9000, or (ii) if by courier/hand delivery, The Garden City Group, Inc., Attn: The Star Tribune Company, 105 Maxess Road, Melville, New York 11747, **so as to actually be received on or before October 17, 2009**.  Any Rejection Claim for which a Proof of Claim is not properly filed and served by the Rejection Bar Date shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors or their respective Estates or properties.  The Debtors or Reorganized Debtors may contest Rejection Claims in accordance with Section 9.1 of the Plan.

Dated: New York, New York
September 28, 2009

By: /s/ Timothy E. Graulich
Marshall S. Huebner
Timothy E. Graulich
Lynn I. Poss

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-6001

*Counsel to the Reorganized Debtors*